**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2222-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES J. ROBERTS,

    Defendant-Appellant.

_____

Submitted November 18, 2021 – Decided February 16, 2022

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Accusation No. 03-09-1182.

James J. Roberts, appellant pro se.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel and on the brief).

PER CURIAM

Defendant James J. Roberts appeals from a January 6, 2020 order denying his motion to correct an illegal sentence. We affirm.

We discern the following facts from the record. On May 12, 2003, defendant entered a bank and informed the teller his backpack was filled with explosives he would detonate unless she gave him money. The teller compiled, and defendant, having no vehicle, fled the scene in a stolen car after forcing out the occupants.

On September 18, 2003, defendant pled guilty to first-degree robbery contrary to N.J.S.A. 2C:15-1 and carjacking contrary to N.J.S.A. 2C:15-2(a)(1). Before defendant pled guilty, the trial judge asked defendant whether he understood that "when [he] c[a]me to court on . . . sentencing day, [he] could get [fifteen] years, . . . [thirty] years, or anything in between[.]" Defendant responded that he understood. The trial judge then asked defendant whether he was satisfied with counsel's assistance and whether he understood the questions on the plea agreement. Defendant answered in the affirmative to both questions. Defendant stated he was not on medication nor under the influence of any drugs or alcohol.

On November 14, 2003, defendant was sentenced to fifteen years for each charge, to be served consecutively for an aggregate term of thirty years. Defendant appealed his sentence, and on May 15, 2006, this court's excessive sentencing panel remanded the matter for resentencing. State v. Roberts, No. A-

2

3241-03 (App. Div. May 15, 2006). On June 12, 2006, the trial judge reaffirmed defendant's sentence. On August 29, 2006, defendant again appealed the trial judge's decision to the excessive sentencing panel. On March 29, 2007, we directed the trial judge to reduce the robbery sentence from fifteen years to ten years. State v. Roberts, No. A-0037-06 (App. Div. Mar. 29, 2007). The trial judge modified defendant's sentence as directed. On July 12, 2007, the Supreme Court denied certification. State v. Roberts, 192 N.J. 294 (2007).

On or about November 21, 2008, defendant filed his first petition for post-conviction relief (PCR), asserting ineffective assistance of counsel at the time of plea and sentencing. Specifically, defendant argued counsel "(1) 'coerced and cajoled' defendant into pleading guilty by 'misleading [him] with respect to the terms of the plea agreement'; and (2) provided ineffective assistance at sentencing by failing to assert mitigating factors including the fact that defendant 'cooperated with authorities throughout the investigatory process, . . . [and] voluntarily surrendered to police.'" Defendant filed a certification claiming counsel advised him the sentence recommendation was for fifteen years total. Defendant further certified that he suffered an episode of paranoid schizophrenia at the time of his original sentencing. Defendant claimed his attorney was aware of his episode and should have requested an adjournment. Defendant argued

counsel's failure to address his mental health allowed defendant to make a bad impression in front of the judge and prejudiced him once sentencing took place in November 2003.

On July 15, 2009, a PCR judge heard defendant's argument. After reviewing the record, including the plea form and plea colloquy between defendant and the trial judge, the PCR judge determined defendant failed to make a prima facie case for ineffective assistance of counsel, and defendant's petition was denied without a hearing. Specifically, the PCR judge stated that the "record contains numerous instances during the plea in which the [c]ourt on the record explained the potential sentences in detail[,]" so even if counsel misinformed defendant, the "extensive explanations" by the plea judge rendered the plea knowing and intelligent. Further, the PCR judge decided defendant's claims related to his mental health status at the time of sentencing were "bald assertions" and he did not allege facts to demonstrate counsel's deficient performance.

Defendant appealed the PCR judge's decision, arguing he made a prima facie showing of ineffective assistance and the PCR judge abused his discretion by denying PCR without an evidentiary hearing. Defendant also filed a pro se supplemental brief arguing PCR counsel "failed to raise the issues of . . . defendant's mental health diagnosis that [he] [had] been dealing with since the

4

age of seven . . . years old." On August 11, 2011, we decided that defendant's arguments lacked "sufficient merit to warrant discussion in a written opinion[,]" and affirmed the PCR court "substantially for the reasons stated by [the PCR judge.]" State v. Roberts, No. A-0206-09 (App. Div. Aug. 11, 2011) (slip op. at 13-14). We further determined there was no basis to conclude that PCR counsel was ineffective for failing to raise defendant's mental health issues. id. at 13. The only evidence of defendant's "mental history" was defendant's statement to a probation officer that he was diagnosed with paranoid schizophrenia when he was twenty-six years old. ibid. We also noted there was no evidence defendant continued to suffer from paranoid schizophrenia and that the episode he allegedly experienced in 2003 was not supported by the record. ibid. On January 31, 2012, the Supreme Court denied certification. State v. Roberts, 209 N.J. 232 (2012).

On October 26, 2012, defendant's second petition for PCR was denied because the petition "raise[d] claims that trial and appellate counsel were ineffective[,]" which was not appropriate for a second petition for PCR because it did not rely on a new constitutional rule and had already been adjudicated in his first petition and on appeal. On May 21, 2015, defendant's petition for habeas corpus was denied by the U.S. District Court. Roberts v. Warren, No. 12-4010 (PGS) (D.N.J. May 21, 2015).

On June 21, 2019, defendant filed pro se what he called his "first motion to correct an illegal sentence."  Defendant argued his sentence was illegal and should be corrected pursuant to Rule 3:21-10(b)(5).  According to defendant, "the court, the prosecutor, and his own counsel failed to evaluate whether the defendant was competent to stand trial[,]" which violated defense counsel and prosecution's duty to the court to ensure defendant was competent to stand trial and defendant's due process rights.  Defendant claimed that the record alluded to his mental health issues, including his paranoid schizophrenia, but counsel only argued in favor of mitigation that defendant was in special education classes during his childhood and had attention deficit disorder.  Further, defendant alleged the trial judge had evidence of intoxication and diminished capacity during his crimes and at the plea hearing, but the court failed to ask whether he was on medication.

On January 6, 2020,[1] the court denied defendant's motion to correct an illegal sentence in an order and written decision.  The court discussed N.J.S.A 2C:4-4(b)(2), the statute governing competence at trial, and found that there was no evidence in the record indicating defendant was not competent to stand trial.

---

[1] The order is mistakenly dated January 6, 2019, instead of January 6, 2020.

 A-2222-19

To the contrary, the record supported defendant's competency during the plea and sentencing process.  For example, the court noted that

> [d]fendant referred to the [j]udge as "Your Honor" . . . ; the defendant listened to and answered the plea colloquy questions appropriately; the defendant asked relevant questions during the colloquy; the defendant asked the [j]udge to clarify when he didn't understand a question . . . ; and the defendant was able to correct the [c]ourt when the [j]udge advised the defendant about a plea bargain without advising the defendant about his right to argue for less time.

Further, the court stated that defendant "voluntarily waived his right to a jury trial[,]" "stated he was not on any medication, drugs or alcohol[,]" and "understood that he would have to give a factual basis to the court[.]"  This appeal followed.

Defendant raises the following points on appeal:

POINT I

THE TRIAL COURT ERRED IN DENYING THE DEFENDANT[']S MOTION TO CORRECT AN ILLEGAL SENTENCE PURSUANT TO R. 3:21-10(b)(5).

POINT II

THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT A[N] EVIDENTIARY HEARING IN ACCORDANCE TO R. 3:22-10(b) ON THE MATTER.

7

"As with sentencing, the scope of appellate review of a trial court's decision to grant or deny a [Rule] 3:21-10(b)(2) motion is whether the trial court abused its discretion." State v. Priester, 99 N.J. 123, 137 (1985). Because "[Rule] 3:21-10(b)(2) offers extraordinary relief to" prisoners, it "must be applied prudently, sparingly, and cautiously." Id. at 135. A court abuses its discretion when its "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" State v. R.Y., 242 N.J. 48, 65 (2020) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Defendant's argument regarding the court's alleged error in failing to correct the sentence is barred by Rule 3:22-5. Rule 3:22-5 provides: "A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings." "'Preclusion of consideration of an argument presented in post-conviction relief proceedings should be affected only if the issue [raised] is identical or substantially equivalent' to that issue previously adjudicated on its merits." State v. McQuaid, 147 N.J. 464, 484 (1997) (quoting State v. Bontempo, 170 N.J. Super. 220, 234 (Law Div. 1979)).

Here, defendant filed two petitions for PCR squarely presenting the issue of whether he was competent at the time of plea and sentencing, and both were denied. One of these petitions was reviewed and affirmed by this court. Notably, we affirmed that there was no evidence of defendant's claimed mental history, other than his own statement that he was diagnosed with paranoid schizophrenia at twenty-six. We affirmed the PCR court's finding that counsel was not ineffective because defendant did not show any evidence that he was incompetent at the time of pleading or that he did not understand the plea. Defendant is rehashing the argument that he was incompetent at the time of his plea after numerous judges have determined he was not incompetent at the time of his plea. Therefore, defendant is barred from arguing the same underlying issue, even when framed as a motion to correct an illegal sentence.

Defendant's argument that he was entitled to an evidentiary hearing lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2222-19